**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



PRAMESH WOLI,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   19-71284

Agency No. A201-061-035

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021[**]
San Francisco, California

Before: HAWKINS and MILLER, Circuit Judges, and RESTANI,[***] Judge.

Pramesh Woli (Woli) is a native of Nepal. He alleges that his military status

led Maoists to kidnap, assault, and attack him and his family, and that he cannot

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

safely return to Nepal. He petitions for review of an order of the Board of Immigration Appeals (BIA)[1] affirming the Immigration Judge's (IJ) adverse credibility finding and dismissing his appeal of the IJ's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2] We have jurisdiction under 8 U.S.C. § 1252.

The court reviews the BIA's dismissal for substantial evidence. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). Factual findings, including adverse credibility determinations, are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015). We conclude substantial evidence supports the BIA's dismissal and accordingly, deny the petition.

In order to determine whether a petitioner is entitled to relief, an IJ "may

---

[1] In its decision, the BIA relied on the following grounds: (1) Woli's evidence of his military status, which he claimed was the basis for his past persecution, was inadequate; (2) Woli's testimony and documentary evidence contained inconsistencies regarding the methods used to harm him and the injuries he suffered; (3) Woli's testimony and evidence regarding the duration and location of his sister's second kidnapping contained inconsistencies; (4) Woli's testimony and evidence regarding his wife's alleged attack contained inconsistencies; and (5) Woli's documentary and testimonial evidence contained other minor discrepancies, which taken together undermined his credibility.

[2] The government argues that Woli waived several challenges because he did not exhaust them before the BIA. Woli challenged the adverse credibility finding, and argued that translator issues prejudiced his credibility, in his brief in front of the BIA. Accordingly, these issues were exhausted. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). In doing so, the IJ considers "the totality of the circumstances, and all relevant factors[.]" *Id.* §§ 1158(b)(1)(B)(iii) (asylum), 1231(b)(3)(C) (withholding of removal), 1229a(c)(4)(C) (all other relief). Here, the IJ considered the totality of the circumstances and made an adverse credibility determination that was supported by "specific and cogent reasons," including numerous and significant inconsistencies that went directly to Woli's veracity and his claims of past persecution.[3] *See Shrestha v. Holder*, 590 F.3d 1034, 1042–44 (9th Cir. 2010). For instance, the IJ found that the medical evidence Woli submitted in support of his past persecution claims was inconsistent with and did not corroborate Woli's testimony and declarations. Because significant inconsistencies in the record "on issues material to the [petitioner's] claim of persecution constitute substantial evidence supporting an adverse credibility determination[,]" the BIA's conclusion that the IJ's adverse credibility determination was not clearly erroneous is supported by substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011)).

---

[3] Woli argued some discrepancies resulted from interpretation errors, and objected to the translation of the April 14, 2017 hearing. The IJ considered Woli's submission correcting for interpretation errors, along with his explanations for the inconsistencies, admitted it as to weight, and concluded that they were "insufficient, not plausible, and [] not persuasive[.]" The court owes "special deference" to this determination. *See Lizhi Qiu v. Barr*, 944 F.3d 837, 843 (9th Cir. 2019).

Substantial evidence also supports the BIA's conclusion that the IJ properly denied Woli's requests for relief. Because the IJ found Woli not credible, and he did not present any additional evidence to establish past persecution or a well-founded fear of future persecution, Woli failed to meet his burden for either asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3); *Ling Huang v. Holder*, 744 F.3d 1149, 1152, 1156 (9th Cir. 2014). Furthermore, Woli did not demonstrate that it is more likely than not that he will be tortured upon his return to Nepal by or with the acquiescence of the government given the country conditions evidence and his family's safe residence there. *See Ling Huang*, 744 F.3d at 1156. Accordingly, we deny Woli's petition for review.

Petition **DENIED.**